UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INNOLUX CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>APPLIED MATERIALS, INC., et al.,<br><br>Defendants. | Case No. 15-CV-01777-LHK<br><br>**ORDER DENYING MOTION TO SEAL**<br><br>Re: Dkt. No. 2 |

Before the Court is an administrative motion to seal filed by Plaintiff Innolux Corporation ("Innolux"). ECF No. 2 ("Motion"). Innolux seeks to seal portions of the Complaint, as well as two exhibits attached thereto. *Id.* at 1-2.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that

outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178-79. Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* Where, as here, a party seeks to seal all or part of a complaint, the party must meet the "compelling reasons" standard. *In re NVIDIA Corp. Derivative Litig.*, No. C 06-06110 SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) ("While a complaint is not, per se, the actual pleading by which a suit may be disposed of, it is the root, the foundation, the basis by which a suit arises and must be disposed of."). Courts have held that a motion to seal exhibits attached to a complaint must also meet the compelling reasons standard. *See, e.g.*, *Adema Technologies, Inc. v. Wacker Chemie AG*, No. 5:13-CV-05599-PSG, 2013 WL 6622904, at *1 (N.D. Cal. Dec. 16, 2013).

      Furthermore, pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the business. . . ." *Id.* (ellipses in original). In addition, the U.S. Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

      In addition, parties moving to seal documents must comply with the procedures established

by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.*

With these standards in mind, the Court rules on the instant Motion as follows:

| **Motion to Seal** | **ECF No.** | **Document to be Sealed** | **Ruling** |
|---|---|---|---|
| 2 | 2-4 | Unredacted version of Complaint. | DENIED WITH PREJUDICE because the material sought to be sealed is not sealable. |
| 2 | 2-5 | Exhibit A to Complaint | DENIED WITHOUT PREJUDICE because the request is not "narrowly tailored." Civ. L.R. 79-5(b). |
| 2 | 2-6 | Exhibit B to Complaint | DENIED WITHOUT PREJUDICE because the request is not "narrowly tailored." Civ. L.R. 79-5(b). |

If Innolux wishes to file a renewed motion to seal, it must do so within seven (7) days of the date of this Order. The Court finds Innolux's current sealing request overly broad. Innolux's sealing request should be consistent with Ninth Circuit case law regarding sealing, including *In re: Electronic Arts, Inc.*, 298 F. App'x 568 (9th Cir. 2008).

**IT IS SO ORDERED.**

Dated: August 14, 2015

_____
LUCY H. KOH
United States District Judge

3

Case No. 15-CV-01777-LHK
ORDER DENYING MOTION TO SEAL